By the Court.
Van Vorst, J.
This appeal involves the question as to the power of an administrator with the will annexed, to execute a power of sale of real estate, with which the executors were invested by the terms of the testator’s will.
As it was announced by the counsel upon the argument, that on account of the importance of the interests involved, the case would certainly be taken to the court of appeals, whatever might be the decision here, we will do no more than state the conclusions reached by us at the close of the argument, without an examination of the numerous cases cited.
The question has been already considered in the courts of this State, and some conflict in opinion exists.
Mott v. Ackerman (92 N. Y. 539), does not go to the length of sustaining the plaintiff’s contention.
The testator died in 1863, leaving four children. He appointed his three sons executors of his will, but gave-his estate in substance to his four children in equal proportions. By the terms of his will, he clothed his executors -with a temporary power and control over his whole estate, real and personal, and in the end directed them to divide it among the devisees. An inspection of the will shows clearly enough, that it was the intention of the testator, that his four children should, without unreasonable delay, receive and enter into the enjoyment of their respective *61 shares of his estate. The executors, _ as such, were to collect the rents until a sale and division or distribution of the whole estate should be made by them. The executors were also empowered to sell or mortgage the real estate at their discretion.
In so far as concerns the power of mortgaging, selling and distributing the proceeds of the real estate, among the four children, the devisees thereof, the same did not necessarily belong to the office of the persons named as executors. This power was expressly conferred by the testator, in addition to the duty cast upon them by law, over his estate, as the executors thereof. The testator doubtless believed that the power would be discreetly, and to the interest of the devisees and of his estate, exercised. But the executors never exercised the power of sale, and their right to collect the rents has been taken away.
They have been removed from their office as executors, and Mr. Smith' has been appointed receiver of the estate with all the power of “ an administrator with the will annexed.” As such administrator he will perform such duties, belonging to the office of executor, as the executors left unexecuted, and will administer the personal estate. To the trust of administration he has succeeded by the order of this court, and to all the rights and powers of an administrator with the will annexed. The power of sale, as an incident to a division of the estate among the devisees, to be exercised in the discretion of the executors, must be regarded as ending with the termination of their official relation to the estate, and that the administrator with the will annexed cannot exercise it.
We know of no case, in which it has been decided that such power, the exercise of which depended upon the judgment and discretion of the executors named in a will, has passed to the administrator with the will annexed. Mott v. Ackerman (supra), does not so hold. That case is an authority for the proposition, that where there is a power of sale given to executors for the purpose of paying debts and legacies, and where there is an equitable conversion *62 of the land for such payment and distribution, growing out of an imperative power of sale, such power may be exercised by the administrator with the will annexed. But such is not this case. Here no sale was imperatively directed by the testator. Had there been, the proceeds would have been assets in the hands of the executors, for which they would have been accountable.
Nor was the power of sale accompanied with a direction to pay debts and legacies. 'Whether a sale should be made or not, depended upon the decision of the executors, who were authorized to sell, mortgage, and convey in their discretion. They might mortgage and not sell, or sell without having mortgaged, as they should deem best. ,
But these powers were evidently to be exercised for the purpose of a division and distribution, with which executors, in so far as the real estate is concerned, have under the law no duty.
More than twenty years have elapsed since the testator’s death. It is difficult to discover any valid reason for investing the administrator with the will annexed, at this late day, with the title to, or power over the disposition of this real estate, or to cast upon him the duty of selling the same, and distributing the proceeds of the sale among the devisees.
It is more in accordance with law and reason, to hold that the children of the testator, his devisees under the will, are seized of the estate, and the power to sell and convey the same. And that, as the persons in whom the discretion to sell or mortgage have been removed from their trust, there remains no impediment to their enjoyment of the estate.
For these reasons we are of opinion that the order appealed from should be reversed, but without costs.
Sedgwick, Ch., J. and Freedman, J., concurred.